494 So.2d 1123 (1986)
RINKER MATERIALS CORPORATION, a Florida Corporation, Appellant,
v.
TOWN OF LAKE PARK, a Florida Municipal Corporation, Appellee.
No. 68582.
Supreme Court of Florida.
August 21, 1986.
Rehearing Denied October 22, 1986.
*1124 D. Culver Smith III and Theresa W. Parrish of Steel, Hector, Davis, Burns & Middleton, West Palm Beach, for appellant.
L. Louis Mrachek and David P. Ackerman of Gunster, Yoakley, Criser & Stewart, West Palm Beach, for appellee.
BOYD, Justice.
We have for review a final judgment of a circuit court validating bonds issued by the Town of Lake Park for certain planned roadway, drainage, water, and sewer improvements. Rinker Materials Corporation, having intervened as a party defendant, filed this appeal. We have jurisdiction pursuant to article V, section 3(b)(2), Florida Constitution. Having found no reason to disturb the judgment, we affirm.
On October 2, 1985, the Town of Lake Park adopted Resolution No. 31, pursuant to section 170.03, Florida Statutes (1985), authorizing the construction and financing of roadway, drainage, water, and sewer improvements within an area of the town described as Special Assessment Improvement District 1. The resolution provided that the cost of the project, estimated to be around $1,500,000, should be funded by special assessments against the properties abutting, adjoining or contiguous to and specially benefitted by the project. The resolution also provided that the assessments should be levied on a combined front-foot and square-foot basis and instructed consulting engineers to prepare and file with the clerk an assessment roll. See § 170.06, Fla. Stat. (1985).
After the roll was prepared, the Town Council adopted Resolution No. 35 accepting the assessment roll and scheduling a hearing on November 5, 1985 for the Council to meet as an equalizing board pursuant to section 170.08. This resolution reiterated that the assessments would be made in proportion to the benefits received from the project and that the benefits would be determined and prorated according to a combined front-foot and square-foot basis. On October 30, the Council adopted Resolution No. 36 authorizing the issuance of $1,500,000 of Special Assessment Improvement Bonds.
At the November 5th hearing, the Council decided to change the method of assessment from the combined front-foot and square-foot basis to a square-foot basis. This was formally done by adopting Resolution No. 40 at the council meeting of December 4. This resolution essentially combined Resolutions 31 and 35 with the method of assessment changed to a square-foot basis. Resolution No. 40 also repealed Resolutions 31 and 35 and set an equalization hearing for January 8, 1986.
At the January 8 hearing, Rinker objected to the method of notification and claimed that it did not have an opportunity *1125 to present arguments to the Town Council at the Equalization Board hearing on November 5. Rinker further contested the change made in the assessment method as inequitable and presented evidence of an alternative method of assessing the property, which would reduce the assessment of its property from $402,736.25 to $44,110.17. After hearing further testimony, the Council adopted a motion approving a modified method of assessment, which reduced the assessment on Rinker's property to $353,139.51.
On January 22, the Council adopted Resolution No. 4, giving final approval to the assessment roll as modified. The Council then filed this action pursuant to section 75.02, Florida Statutes (1985), to have the bonds validated.
Rinker intervened as a party defendant and filed a counterclaim, alleging that the Council's actions constituted an unconstitutional deprivation of property without due process of law and that the Council was estopped from changing the method of assessment.
The trial judge entered a final judgment finding that the requirements of the Florida Constitution and laws of Florida had been followed and that Rinker had failed to meet its burden of proving the allegations of its counterclaims.
Rinker filed this appeal, challenging the final judgment on three grounds: (1) the Council failed to follow the procedural requirements of chapter 170; (2) the assessments were inconsistent with the Town's Comprehensive Land Use Plan; and (3) the assessment of Rinker's property was made arbitrarily. For the reasons discussed below, we reject each of these arguments and therefore affirm the final judgment.
Rinker's first argument is that the Town Council failed to follow the procedural requirements of section 170.11 in that the resolution authorizing the issuance of the bonds (Resolution No. 36) was adopted before the equalization, approval and confirmation of the levying of the special assessments for improvements. Rinker also argues that Resolutions 31 and 35, on which Resolution 36 was based, had been repealed. Rinker further claims that Resolution No. 40 cannot be used as a basis for implementing the project because it attempted to do in one resolution what the statutes require to be done in two and because it purports to adopt an assessment roll "presently on file" which actually was not.
We acknowledge that the provisions of chapter 170, governing the procedures for special assessments and bonds associated with them, were not literally followed. However, this Court has stated, "In order that such assessments be valid and enforceable they must be made pursuant to legislative authority and the method prescribed by the Legislature must be substantially followed." City of Coral Gables v. Coral Gables, Inc., 119 Fla. 30, 35, 160 So. 476, 478 (1935). Hence the issue is not whether the Town Council deviated from the procedures outlined in chapter 170, but whether the deviation was so substantial as to deny appellant due process. See Moody v. City of Vero Beach, 203 So.2d 345 (Fla. 4th DCA 1967); Abrams v. City of Hollywood, 105 So.2d 602 (Fla. 2nd DCA 1958).
In this case, the Town Council followed the procedures outlined in chapter 170 until the Equalization Board hearing on November 5, when it changed the method of assessment. At that point the Council determined that the appropriate action would be to reissue the notices and hold another hearing, which it did. Rinker had actual knowledge of the action contemplated by the Town Council and participated in the second hearing. Indeed, because of its participation, the Council reduced Rinker's assessment approximately $50,000. Hence the final assessment was not made until the January 8 hearing at which Rinker participated. We therefore find that the procedural irregularities that occurred here were not so substantial as to deny appellant its constitutional right to due process.
Rinker's second argument is that the assessments are inconsistent with the Town's *1126 Comprehensive Land Use Plan. The Town Council replies that such a challenge can only be brought pursuant to section 163.3215, Florida Statutes (1985); that Rinker waived any right to raise this issue by failing to plead it in his answer or counterclaim; and that there is no proof that the assessments are indeed inconsistent with the Town's Comprehensive Land Use Plan.
We need not address any of these arguments since we find that the Local Government Comprehensive Planning and Land Development Regulation Act, part II, chapter 163, Florida Statutes (1985), does not apply to this particular project. Section 163.3194 provides that all development undertaken by a local government must conform with its comprehensive plan. However, for purposes of this act, development is given the same meaning it has in section 380.04, Florida Statutes (1985). § 163.3164(5), Fla. Stat. (1985). Section 380.04(3) specifically excludes from the term development any work done on the maintenance or improvements of roads or the construction of sewers, mains, pipes and the like on established rights of way. Since there is nothing in the record to suggest that the improvements envisioned by this project are outside the Town's existing rights of way, there is no requirement that they be consistent with the Town's Comprehensive Land Use Plan.
Finally, we find that the assessment of Rinker's property was not arbitrary. At the trial, the project engineer testified that in his opinion the benefits to be derived by the property owners from this project would be access to their property, access to utilities and use of utilities. He found that since these benefits depended upon the size of the property instead of its footage, the more appropriate method of assessing the owners' properties would be the square-footage basis instead of the front-footage basis. The square-footage basis apportions the total amount of the assessments among the owners on the basis of the total acreage or size of their properties. The front-footage basis apportions the assessment on the basis of the length of the owners' properties fronting the rights of way. The witness stated that he recommended to the Town Council that it approve the square-footage basis with the modification reducing the assessment on Rinker's property by $50,000 to reflect that three acres of its property might be developed as a right of way. Viewed in the light most favorable to the Town Council, we find this testimony dispels any notion that the Council acted in an arbitrary manner.
For the foregoing reasons we find all of appellant's contentions to be without merit. We therefore affirm the final judgment of the trial court validating the bonds.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.