614 So.2d 1151 (1993)
J & L ENTERPRISES, Angelo J. Barile, and Marie G. Barile, Appellants/Cross-Appellees,
v.
Meredith J. JONES, Appellee/Cross-Appellant, and
Adams Investment Company, Inc., Tedd Reed, and Flagler Title Company, Appellees.
Nos. 91-3473, 92-0784.
District Court of Appeal of Florida, Fourth District.
February 17, 1993.
Rehearing, Clarification, Certification and Rehearing Denied April 6, 1993.
*1152 David L. Gorman and Peter S. Van Keuren of David L. Gorman, P.A., North Palm Beach, for appellants/cross-appellees.
Mary E. Valletta and James M. McCann, Jr., of Mershon, Sawyer, Johnston, Dunwody & Cole, West Palm Beach, for appellee/cross-appellant.
Rehearing, Clarification, Certification and Rehearing En Banc Denied April 6, 1993.
POLEN, Judge.
This is a consolidated appeal from two orders which resulted in a final summary judgment in favor of appellee, Jones, and a non-final order awarding attorney's fees to Jones. We affirm the final summary judgment and reverse the trial court's award of attorney's fees, remanding for consideration of an award of attorney's fees pursuant to an alternative count in the complaint.
The underlying action began when Jones filed a complaint against Angelo and Marie Barile, among others, which in pertinent part alleged four causes of action against the Bariles in connection with their sale of vacant commercial real estate to Jones. Count I was an action for breach of the contract of sale, in which Jones alleged that the Bariles failed to pay a special assessment lien in the amount of $18,932.59 pursuant to paragraph M of the contract of sale.[1] Count II alleged a cause of action for breach of warranty for failure to disclose the special assessment lien contrary to paragraph W of the contract.[2] Count III alleged a cause of action against the Bariles for fraud. Count IV alleged a cause of action for breach of warranty against encumbrances, contrary to a provision of the warranty deed which provided:
That the Grantor hereby fully warrants the Title to said land and will defend that same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 1989.
Jones filed a motion for summary judgment on Counts I and IV of his complaint, *1153 alleging that the special assessment lien became an encumbrance on the property as of January 22, 1986, the date Resolution No. 4 was adopted by the City of Lake Park. See Rinker Materials Corp. v. Town of Lake Park, 494 So.2d 1123 (Fla. 1986). The Bariles also moved for summary judgment, alleging inter alia, that the covenants contained in the contract of sale merged into the deed delivered to Jones at closing, thus extinguishing any cause of action that might have accrued under the contracts.
The trial court entered an order denying the Bariles' motion for summary judgment and denying Jones' motion as to Count I, reserving ruling on his motion as to Count IV, breach of warranty against encumbrances, and inviting additional argument on the issue of the special assessment lien's status as a tax. Following this additional argument, the trial court entered final summary judgment in favor of Jones on Count IV, finding that Counts I, II, and III sought the same relief and damages as those awarded, and therefore were rendered moot. The trial court later granted Jones' motion for attorney's fees and costs on the authority of this court's opinion in Needle v. Lowenberg, 421 So.2d 678 (Fla. 4th DCA 1982), petition for review denied, 427 So.2d 737 (Fla. 1983).
As a preliminary matter, we note that at the time the trial court ruled on the motions for summary judgment, the Bariles were not yet required to file an answer. "It is well settled that if a plaintiff moves for summary judgment prior to defendant's filing an answer, the movant must demonstrate conclusively and to a certainty from the record that the defendant cannot plead or otherwise raise a genuine issue of material fact." Hodkin v. Ledbetter, 487 So.2d 1214 (Fla. 4th DCA 1986), appeal dismissed, 509 So.2d 1118 (Fla. 1987). Therefore, Jones was required to demonstrate not only the absence of any genuine issue of material fact, but also that the Bariles could not plead or raise a genuine issue of material fact regarding possible defenses. Jones satisfied this increased burden, as the evidence presented to the trial court conclusively demonstrated that Jones had no knowledge of the special assessment.[3] Having demonstrated a lack of knowledge, no genuine issue of material fact existed as to the possible defense of waiver. "Waiver is the intentional relinquishment of a known right. Absent knowledge, waiver will not arise." Opler v. Wynne, 402 So.2d 1309 (Fla.3d DCA 1981) (citations omitted), review denied, 412 So.2d 472 (Fla. 1982).
The trial court properly granted Jones' motion for summary judgment on his breach of warranty against encumbrances claim because "[a] special assessment lien attaches to real property subject to said lien at the time the governing body of the municipality equalizes and approves the special assessment by resolution or ordinance, pursuant to section 170.08, Florida Statutes, even if the improvements have not been completed." Op.Att'y.Gen. Fla. 76-163 (1976) (emphasis added). The parties agree that the operative date in the instant case is January 22, 1986. Conveyance of the property from the Bariles to Jones took place after this date, and thus the property was encumbered at the time of conveyance.
Although we have determined that final summary judgment as entered was proper, we also address Jones' breach of contract claim. The trial court initially denied Jones' motion for summary judgment as to his breach of contract claim, later determining that this claim was rendered moot by the final summary judgment. We recognize that Jones is entitled to relief only on one of his several alternative claims, however, if summary judgment had been granted as to the breach of contract claim, Jones would have been entitled to attorney's fees under the contract of sale. As is discussed below, Jones is not entitled to attorney's fees pursuant to the final summary judgment for breach of warranty against encumbrances.
*1154 We conclude that the contract of sale did not merge into the warranty deed and Jones was entitled to summary judgment for breach of the contract of sale. Paragraph M of the contract of sale was not performed or satisfied by the execution and delivery of the warranty deed, and thus acceptance of the deed tendered in performance of the contract of sale did not extinguish this covenant contained in the contract of sale. See American National Self Storage, Inc. v. Lopez-Aguiar, 521 So.2d 303 (Fla.3d DCA 1988). Jones was entitled to summary judgment as no genuine issue of material fact existed regarding the Bariles' liability for the special assessment lien pursuant to paragraph M.
While an award of attorney's fees may be made pursuant to appellee's breach of contract claim, we cannot agree with the trial court's determination that Jones was entitled to attorney's fees on the authority of this court's opinion in Needle. The instant case is distinguishable from Needle and other cases where grantees have been awarded attorney's fees in securing title to or possession of property from third party claimants. See e.g., Williams v. Azar, 47 So.2d 624 (Fla. 1950); Nelson v. Growers Ford Tractor Co., 282 So.2d 664 (Fla. 4th DCA 1973). Therefore we reverse the trial court's award of attorney's fees made on the authority of Needle, and remand for consideration of an award of attorney's fees pursuant to the contract of sale.
The final summary judgment entered in favor of Jones is affirmed, and we reverse the non-final order awarding Jones attorney's fees, with directions that the trial court consider an award of attorney's fees pursuant to the contract of sale.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
GLICKSTEIN, C.J., and GUNTHER, J., concur.
NOTES
[1] Paragraph M provides:

M. SPECIAL ASSESSMENT LIENS: Certified, confirmed and ratified special assessment liens as of date of closing (and not as of Effective Date) are to paid by Seller. Pending liens as of date of closing shall be assumed by Buyer. If the improvement has been substantially completed as of Effective Date, such pending lien shall be considered as certified, confirmed or ratified and Seller shall, at closing, be charged an amount equal to the last estimate of assessment for the improvement by the public body.
[2] Paragraph W provided:

W. WARRANTIES: Seller warrants that there are no facts known to Seller materially affecting the value of the Real Property which are not readily observable by Buyer or which have not been disclosed to Buyer.
[3] We note that the Town of Lake Park's Resolution No. 4 was recorded in August of 1990, while the warranty deed from the Bariles to Jones was executed on April 25, 1990.