684 So.2d 226 (1996)
Edward KEENAN, et al., Appellants,
v.
CITY OF EDGEWATER, et al., Appellees.
No. 96-1028.
District Court of Appeal of Florida, Fifth District.
November 22, 1996.
Rehearing Denied December 23, 1996.
*227 Franz Eric Dorn, Deltona, for Appellants.
Gregory T. Stewart and Maureen McCarthy Daughton of Nabors, Giblin & Nickerson, P.A., Tallahassee, for Appellees.
W. SHARP, Judge.
Keenan brought a taxpayer class action composed of residents of the City of Edgewater, community of Florida Shores. They appeal from an order dismissing their suit on the pleadings. The trial court ruled that despite the possible merit of their complaints against the City of Edgewater ("City"), stemming from requiring them to pay user fees commencing in 1964, and imposing on them a special assessment in 1991 for a sewer/waste, water treatment plant, the lawsuit is barred by the four-year statute of limitations.[1] We agree and affirm.
Through the mechanism of this lawsuit, appellants sought to challenge a resolution passed by the City on August 6, 1991, which imposed special assessments on their properties for the construction of a water and sewer treatment plant. They claimed the new plant is to serve all parts of the City, but only property owners in Florida Shores were specially assessed to pay for the system. This lawsuit was not filed until December 21, 1995.
There is little specific statutory guidance regarding when a cause of action on a wrongful municipal special assessment accrues for purposes of the running of a statute of limitations and which statute is applicable. Section 170.08 provides that a special assessment lien attaches to property at the time the governing board of the municipality equalizes and approves the special assessment by resolution, even if the improvements have not been completed, as in this case. J. & L Enterprises v. Jones, 614 So.2d 1151 (Fla. 4th DCA), rev. denied, 626 So.2d 206 (Fla.1993).
Although it is not clear from the current statutes, special assessments by counties may be barred 60 days from the date the assessment is certified. § 194.171(2), Fla. Stat. (1995). Earlier cases involving municipalities have applied this shorter time limit. See Thompson v. City of Key West, 82 So.2d 749 (Fla.1955); Smith v. City of Arcadia, 185 So.2d 762 (Fla. 2d DCA 1966) (sections 194.58 and 196.12, Florida Statutes); Carson v. City of Ft. Lauderdale, 155 So.2d 620 (Fla. 2d DCA 1963) (assessment of taxes without benefits). We need not decide that issue because we agree with the trial court that, in any event, the four-year, catch-all statute of limitations bars appellants' suit. § 95.11(3)(p), Fla. Stat. (1995). Hollywood Lakes Sec. Civic Ass'n. Inc., v. City of Hollywood, 676 So.2d 500 (Fla. 4th DCA 1996); *228 Sarasota Welfare Home, Inc. v. City of Sarasota, 666 So.2d 171 (Fla. 2d DCA 1995).
AFFIRMED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] § 95.11(3)(p), Fla. Stat. (1995).