STONE, C.J.
We affirm an order dismissing Appellant’s complaint based upon the applicable four-year statute of limitations.
Pursuant to chapter 170, Florida Statutes, the appellee/defendant, city of Sunrise (the city) issued a series of special assessment bonds, beginning in 1981, to finance improvements in an industrial park. The appellants/plaintiffs, H & B, are property owners in the park and beneficiaries of the improvements financed by the bonds.
*1069 The initial resolution was adopted by the city in 1981 and provided that the cost of the construction of the improvements for streets, sewers, and drainage would be paid for by levying and collecting special assessments on the adjoining property. The resolution further provided, in accordance with section 170.09, Florida Statutes, that all of the assessments may be paid in full without interest at any time within thirty days after the improvements were completed and a resolution adopting the same had been passed by the city. Each assessment which had not been paid within the thirty day time period was initially to be payable in ten equal yearly installments with interest payable at a rate of 1% per year greater than the series 1981 revenue bonds.
In 1983, the city adjusted the assessment pro rata for property owners in the park. The 1983 resolution provided that if payment was not made in full within thirty days, the unpaid balance would be due in twenty equal installments at a rate of 1% per year greater than the 1981 bond series. The average interest rate for this resolution was 11.1250% and another resolution as to the same bond series was adopted in 1984. The resolution provided that all assessments not paid within the thirty day period would bear an interest rate equal to 1% greater per year than the 1981 bond series and would be payable in twenty equal annual installments to fall due on the same date of each of the years 1986 to 2005. The average interest rate was 12.8730%.
In 1987, the city fully paid off the bonds issued incident to the aforementioned 1981 bond series by a new bond issued at an interest rate of 8.5655%. The old bonds were defeased and had no further force and effect. In 1992, the city further reduced the interest rate on the 1987 bonds to 5.6777%. The city continued to charge H & B, and others similarly situated, an interest rate on their special assessment lien of 1% above the satisfied 1981 bond series rate.
On December 30, 1997, H & B initiated this action against the city, alleging that while the 1987 and 1992 bond resolutions refunded the outstanding bonds at a reduced interest rate, H & B’s assessment remained at the original rate which was 1% higher than the average interest rates of 1981 bond series ranging from 11.1250% to 12.8730%. H & B sought a declaratory judgment that the interest rates it was charged exceeded those authorized under chapter 170 and wanted a reduction of the lien interest rate to the rate currently being paid on the later issued bonds and a refund.
The city moved to dismiss H & B’s complaint on the grounds that the complaint was barred by the four year statute of limitations in section 95.11(3)(p), Florida Statutes. H & B’s complaint was filed almost six years after the 1992 bond refunding, more than ten years after the 1987 bond refunding, more than thirteen years after the final assessments for the property, and more than fifteen years after the 1981 bond issue.
H & B does not dispute these facts, but asserts that the complaint was not time barred because the lien assessments are payable in installments and that “as installment payments, the statute of limitations for each installment commences running from the day the installment is due.” We note that H & B does not dispute that the statute of limitations issue is properly resolved on the motion to dismiss, as the question is one of statutory interpretation. The parties agree that the four-year statute of limitations in section 95.11(3)(p), Florida Statutes, is applicable. H & B is not challenging the city’s imposition of the original special assessments, but only the failure of the city to give it the benefit of the city’s later decision to pay off the original assessment bonds out of a new bond issue.
In its order, the trial court stated:
[H & B’s] Complaint is dismissed as the Complaint on its face shows it is barred by the “catch-all” four-year statute of limitations set forth in Section 95.11(3)(p), Florida Statutes. Keenan v. City of Edgewater, 684 So.2d 226 (Fla. 5th DCA 1996), citing J & L Enterprises v. Jones, 614 So.2d 1151 (Fla. 4th DCA), rev. denied, 626 So.2d 206 (Fla.1993). The Court in Keenan not only ruled that the four-year statute of limitations period applied to special assessment challenges, it determined that the cause of action for such a challenge accrues at the time the assessment is created. “Section *1070 170.08 [Florida Statutes] provides that a special assessment lien attaches to property at the time the governing board of the municipality equalizes and approves the special assessment by resolution, even if the improvements have not been completed _” Keenan at 227.
The trial court’s order noted that H & B had ample opportunity to challenge the actions of the city and neglected to do so. The trial court rejected H & B’s argument that the statute of limitations runs from each installment payment, and recognized that the policy of permitting municipal financing by special assessment liens would be defeated by permitting a challenge ten, fifteen, or twenty years after the financing.
Section 170.11 provides that “[a]ny surplus remaining after payment of all bonds and interest thereon shall revert to the city and be used for any municipal purpose,” and section 170.09 provides that if bonds are issued pursuant to chapter 170, the special assessments shall bear interest
... at a rate not to exceed 1 percent above the rate of interest at which the improvement bonds authorized pursuant to this chapter and used for the improvements are sold, from the date of the acceptance of the improvement; and may, by the resolution aforesaid and only for capital outlay projects, be made payable in equal installments over a period not to exceed 20 years.
In Keenan v. City of Edgewater, 684 So.2d 226 (Fla. 5th DCA 1996), the court held that pursuant to section 95.11(3)(p), the four-year statute of limitations, a taxpayers’ class action was time barred in spite of the possible merit of their complaint against the city. The taxpayers’ complaint was filed in December 1995 and sought to challenge a resolution passed by the city in August 1991 which imposed special assessments on their properties for construction of a water and sewer treatment plant. The court noted:
There is little specific statutory guidance regarding when a cause of action on a wrongful municipal special assessment accrues for purposes of the running of a statute of limitations and which statute is applicable. Section 170.08 provides that a special assessment lien attaches to property at the time the governing board of the municipality equalizes and approves the special assessment by resolution, even if the improvements have not been completed, as in this case. Id. at 227, citing J &L Enterprises v. Jones, 614 So.2d 1151 (Fla. 4th DCA 1993).
In J & L Enterprises v. Jones, 614 So.2d 1151 (Fla. 4th DCA 1993), this court stated, “A special assessment lien attaches to real property subject to said lien at the time the governing body of the municipality equalizes and approves the special assessment by resolution or ordinance....”
We recognize that there is support by analogy for H & B’s argument that the statute of limitations need not be static in the face of an ongoing series of violations, each resulting in a new injury. See Knight v. Columbus, 19 F.3d 579 (11th Cir.1994) (each time the city issued a paycheck that failed to include overtime hours actually worked, it constituted a new violation giving rise to a new cause of action); Haliburton v. City of San Antonio, 974 S.W.2d 779 (Tex.Ct.App.1998) (underpaying police officers over a period of twenty-five years was a continuing violation as opposed to a singular, discrete act, the court acknowledging that “case law in this area is contradictory and difficult to apply”).
We also note that in Hannett v. Bryan, 640 So.2d 203 (Fla. 4th DCA 1994), this court concluded, in applying a five-year statute of limitations in a suit to enforce a 1972 agreement for sharing certain fees that, although the suit was barred for fees paid between 1978 and 1982, the statute of limitations did not bar the suit for a 1987 fee. This court explained that because the 1972 contract contemplated that payments would be made to the plaintiff at different times as funds were received by the defendant from a third party, the contract was analogous to suits on installment contracts in which the statute runs against each installment from the time it becomes due. Id; see also Central Home Trust Co. v. Lippincott, 392 So.2d 931 (Fla. 5th DCA 1980); Bishop v. State, Division of *1071 Retirement, 413 So.2d 776 (Fla. 1st DCA 1982).
H & B’s installment payment argument would be persuasive if our decision were based upon the general proposition of contract law that in the case of contract obligations payable by installment, the statute of limitations does not begin to run against each installment until the day it becomes due. However, we reject the notion that this general proposition is analogous to payments due on special assessment liens. Special assessments are a method of funding local improvements and are “a creature of statute.” Hanna v. City of Palm Bay, 579 So.2d 320 (Fla. 5th DCA 1991). We note that Keenan specifically recognizes that section 95.11(3)(p) bars any challenge to a special assessment brought more than four years after the governing board of the municipality equalizes and approves the special assessment by resolution, even if the improvements have not been completed.
We need not resolve whether H & B would have been entitled to relief had its claim been timely filed, as their cause of action, at the minimum, accrued in 1987 and 1992 when the city decided to pay off the 1981 bonds. It was at these points that the city began paying a lower interest rate than it was charging H & B on the lien. H & B was aware of this discrepancy as early as 1987.
Here, the trial court correctly recognized the limitations principles incident to installment contract claims are not applicable, and observed that
... [sjpecial assessments are imposed pursuant to Chapter 170 as a statutory lien against real property by the legislative body of the City after notice and hearing. The decision to allow property owners to pay the special assessment in equal annual installments is a legislative one involving policy choices. Those policy choices should not be disturbed unless challenged in a timely manner. The Sunrise City Commission made policy choices in 1987 and 1992 to refund the original assessment improvement bonds and to retain any interest savings for the City’s benefit.
The trial court also recognized, in determining that H & B’s claim is barred by the applicable four-year statute of limitations, that H & B “provided no cogent public policy reason why a four-year statute of limitations period that runs either from the date the assessments are created or from the dates the city approved the 1987 and 1992 refund-ings does not provide them with adequate notice.” We agree with the trial court’s conclusion that the city “has a need for certainty in its economic affairs,” and that its policy decisions should not be subjected to a perennial review, “simply because it chose to allow the landowners the convenience of paying their assessment obligations in equal annual installments.”
Therefore, the final order of dismissal is affirmed.
TAYLOR, J. and SCHACK, LARRY, Associate Judge, concur.