760 So.2d 154 (2000)
1000 FRIENDS OF FLORIDA, INC., Friends of the Matanzas, Inc., Patrick Hamilton, George Hamilton, and G. William Hamilton, Appellants,
v.
STATE of Florida, DEPARTMENT OF COMMUNITY AFFAIRS, and St. Johns County, Appellees.
No. 1D98-3876.
District Court of Appeal of Florida, First District.
January 25, 2000.
Opinion Granting Clarification April 20, 2000.
Terrell K. Arline, Legal Director, 1000 Friends of Florida, Inc., Tallahassee, for Appellants.
Andrew S. Grayson, Assistant General Counsel, Department of Community Affairs, Tallahassee; Daniel J. Bosanko, Assistant County Attorney, and Geoffrey B. Dobson of Dobson & Brown, P.A., St. Augustine, for appellee St. Johns County.
Sidney F. Ansbacher, of Upchurch, Bailey, and Upchurch, P.A., St. Augustine, for Amicus Curiae St. Johns County School District.
JOANOS, J.
This appeal is from a final administrative order in which the Department of Community Affairs dismissed appellants' petition for a declaratory statement. In their petition, appellants sought a declaration *155 that pursuant to the Growth Management Act, the installation of public facilities must be included in a county comprehensive plan to allow the public a voice in the policy level of county planning. We reverse the order of dismissal, and remand for consideration of the merits of the petition for declaratory statement.
On April 10, 1998, appellants/petitioners filed a petition entitled "Petition for Declaratory Statement Before the Florida Department of Community Affairs." Appellants/petitioners alleged they received notice on January 26, 1998, that the Florida Department of Transportation (DOT) applied for, and was granted, a permit from the Florida Department of Environmental Protection (DEP) to install a 12-inch sewer and 12-inch water line with lift stations, which would run a distance of more than six miles south along U.S. Highway 1, west to Interstate 95, then south on Interstate 95 to two rest stops maintained by the DOT. Appellants/petitioners further alleged the proposed water and sewer system was sufficient to provide water and sewer services to thousands of people, and was being constructed in an area that is largely undeveloped rural land. Appellants/petitioners next alleged that St. Johns County had agreed to reimburse DOT for the cost of installing the water and sewer lift stations and force mains. In addition, appellants/petitioners alleged the St. Johns County Comprehensive Plan is silent on the extension of these public services; no public hearings were held by St. Johns County pursuant to section 163.3184, Florida Statutes (1997), to discuss extension of the public facilities; no plan amendment was proposed by St. Johns County to include the public facilities and services in its comprehensive plan; and no development order was issued to authorize construction of the public facilities and services.
According to appellants' petition, construction of the public facilities and services in the rural area will induce growth and cause premature conversion of rural, vacant land to a higher density residential and higher intensity commercial use than currently exists adjacent to the proposed water and sewer lines; the construction will not discourage urban sprawl; and the construction will adversely impact natural resources in the area. Petitioners alleged that St. Johns County failed to comply with specified essential requirements of law by allowing DOT to construct these public services and facilities, and by agreeing to pay for them without first processing an amendment to include the public facilities and services in its Comprehensive Plan. Appellants/petitioners maintained they "were deprived of the opportunity to address St. Johns County and the Department of Community Affairs on the land use and fiscal implications associated with the extension of these public facilities and services."
St. Johns County filed a response to the petition, alleging, among other things, that the petition was based on misstatements of fact and law. The county further alleged appellants/petitioners are not "substantially affected persons" because they will not sustain any significant or substantial effect from approval of this state project. The county also alleged that DOT's "proposed water and sewer lines will eliminate further health, safety and environmental quality problems by preventing further degradation of surface and ground water supplies by eliminating the use of wells and septic tanks." As to appellants' allegation that the county agreed to reimburse DOT for cost of installation of the water and sewer lift stations, the county responded:
5. (Response to Petition paragraph 5E). The Florida Department of Transportation, not St. Johns County, will be paying for all costs associated with the installation of the water and sewer lines. Once these facilities are installed, by local County ordinance the County may for a limited number of years collect and pass through to FDOT a share *156 of the future connection fees to reimburse FDOT for the cost of these distribution lines. There is no guarantee that such reimbursement will occur or be sufficient to cover FDOT's work in this matter. This reimbursement opportunity is generally available to anyone that extends County utility distribution lines.
Part II of the response alleged the petition substantially affects the rights and interest of St. Johns County, but St. Johns County was not named or served as a respondent. Part III of the response states:
III. A declaratory statement may only be issued on "the applicability of a statutory provision or of any rule or order of the agency as it applies to the petitioner's particular set of circumstances" (emphasis added) Section 120.565(1), Florida Statutes (1997). The primary focus and purpose of the Petition in this case is to determine the applicability of laws and rules to St. Johns County, not the Petitioners. The issue of the applicability of laws and rules to the Petitioner is peripheral and secondary at best. Therefore the subject Petition for Declaratory Statement should be denied because the requested Declaratory Statement is sought for a purpose not permitted by the authorizing statute.
On July 9, 1998, the Department of Community Affairs referred the petition to the Department of Administrative Hearings, for assignment to an administrative law judge. The order of referral states in part:
5. In light of the recent Chiles decision, the Department is unable to determine whether the Petition, which seeks the determination of laws and rules as they apply primarily to the Florida Department of Transportation and St. Johns County, is a proper request upon which the Department may issue a declaratory statement. In the matter currently before the Department, Petitioners seek relief that appears to directly affect the rights of another party, or parties, not named in this action.
On August 12, 1998, the Division issued an order dismissing the petition. The recommendation was based in part on the administrative law judge's finding that the Administrative Procedure Act does not contemplate that declaratory statement hearings shall be conducted by administrative law judges from the Division of Administrative Hearings. As further reason for the dismissal, the administrative law judge concluded the petition did not meet the requirements of the rule governing petitions for declaratory statements, because petitioners sought a declaration concerning the conduct of St. Johns County and the DOT, rather than their own particular circumstances. On September 17, 1998, the Department issued its final order dismissing the petition. The Department's dismissal was based on the perceived deficiencies of the petition; the Department did not address the jurisdictional question raised by the administrative law judge.
Appellants contend that pursuant to this court's construction of the 1996 amendments to the Administrative Procedure Act,[1] their petition should not have been dismissed merely because it may indirectly affect the interests of the Department of Transportation and St. Johns County. Appellants further assert the gravamen of the petition was that appellants/petitioners were entitled to a point of entry to challenge the extension of the water and sewer lines under Chapter 163, but had been deprived of this right when the county and the DOT refused to process a plan amendment. That is, appellants sought a declaration by the Department of Community Affairs that the statutes and rules it implements *157 require that such projects be included in the county's comprehensive plan as a condition precedent, thereby affording appellants an opportunity to be heard on the extension of water and sewer lines.
The Department contends that appellants did not attempt to obtain a declaratory statement concerning how a statutory provision, rule or order of the Department applies to appellants' particular set of circumstances. Rather, appellants purportedly sought a declaration concerning the application of a statute or rule to the circumstances of St. Johns County and the Florida Department of Transportation. The Department recognizes that the 1996 revision of section 120.565 deleted the word "only" in reference to the petitioner's issues, but urges the revision left intact the requirement that the statutory provision, rule or order of the agency apply to the petitioner's particular set of circumstances. The Department asserts its final order of dismissal properly held the issue raised must apply to the petitioner's particular set of circumstances.
The statute applicable, section 120.565, Florida Statutes (1997), provides:
120.565. Declaratory statement by agencies
(1) Any substantially affected person may seek a declaratory statement regarding an agency's opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner's particular set of circumstances.
(2) The petition seeking a declaratory statement shall state with particularity the petitioner's set of circumstances and shall specify the statutory provision, rule, or order that the petitioner believes may apply to the set of circumstances.
(3) The agency shall give notice of the filing of each petition in the next available issue of the Florida Administrative Weekly and transmit copies of each petition to the committee. The agency shall issue a declaratory statement or deny the petition within 90 days after the filing of the petition. The declaratory statement or denial of the petition shall be noticed in the next available issue of the Florida Administrative Weekly. Agency disposition of petitions shall be final agency action.
Florida Administrative Code Rule 28-105.001, the rule implementing section 120.565, provides:
28-105.001 Purpose and Use of Declaratory Statement.
A declaratory statement is a means for resolving a controversy or answering questions or doubts concerning the applicability of statutory provisions, rules, or orders over which the agency has authority. A petition for declaratory statement may be used only to resolve questions or doubts as to how the statutes, rules, or orders may apply to the petitioner's particular circumstances. A declaratory statement is not the appropriate means for determining the conduct of another person or for obtaining a policy statement of general applicability from an agency. A petition for declaratory statement must describe the potential impact of statutes, rules, or orders upon the petitioner's interests.
In Chiles v. Department of State, Division of Elections, this court explained:
The purpose of a declaratory statement is to address the applicability of a statutory provision or an order or rule of the agency in particular circumstances. See § 120.565, Florida Statutes (1996). A party who obtains a statement of the agency's position may avoid costly administrative litigation by selecting the proper course of action in advance. Moreover, the reasoning employed by the agency in support of a declaratory statement may offer useful guidance to others who are likely to interact with the agency in similar circumstances....
See Chiles, 711 So.2d at 154-155. The court further explained that the notice provision in section 120.565(3) "accounts for *158 the possibility that a declaratory statement may, in a practical sense, affect the rights of other parties." See id. at 155.
Shortly before oral argument of this cause, the Florida Supreme Court released an opinion expressly approving this court's interpretation of the revised Administrative Procedure Act as set forth in Chiles and in St. Johns River Water Management District v. Consolidated-Tomoka Land Co., 717 So.2d 72 (Fla. 1st DCA 1998), review denied, 727 So.2d 904 (Fla. 1999). See Florida Department of Business & Professional Regulation, Division of Pari-Mutuel Wagering v. Investment Corp. of Palm Beach, 747 So.2d 374 (Fla. 1999). In Investment Corp., the supreme court found that the lesson drawn from this court's interpretation in Tomoka Land and Chiles "is that the Legislature will not micromanage Florida's administrative agencies and that the public's interest is served in encouraging agency responsiveness in the performance of their functions." See Investment Corp., 747 So.2d at 384. The court further found that "the procedural safeguards inherent in a petition for declaratory statement are sufficient to protect the rights of any other concerned parties." See id. In other words, the notice provision "`accounts for the possibility that a declaratory statement may, in a practical sense, affect the rights of other parties' and allows any substantially affected party to intervene in the declaratory statement proceeding before the agency." See Investment Corp., 747 So.2d at 377, quoting Chiles, 711 So.2d at 155.
Moreover, the supreme court acknowledged with approval this court's determination that declaratory statements may help parties avoid costly administrative litigation, while simultaneously providing useful guidance to others who may find themselves in the same or similar situations. See Investment Corp., 747 So.2d at 384. The court has long recognized that contemporary society requires that administrative agencies be accorded flexibility in the use of their authority. See id. In light of the foregoing principles and the more liberal language of the amended declaratory judgment statute, we conclude the Department improperly dismissed appellants' petition for declaratory statement.
Accordingly, we reverse the dismissal order and remand this cause for consideration of the merits of appellants' petition for declaratory statement.
LAWRENCE and VAN NORTWICK, JJ., CONCUR.

ON MOTION FOR CLARIFICATION
JOANOS, J.
Appellee St. Johns County has moved for clarification of the opinion filed January 25, 2000, in which we reversed the dismissal order of the Department of Community Affairs and remanded for consideration of the merits of appellants' petition for declaratory statement. As grounds for clarification, St. Johns County alleges the court's opinion is susceptible of an interpretation that the court has determined appellants are "substantially affected persons" within the meaning of section 120.565, Florida Statutes (1997). St. Johns County further represents that appellants have filed this court's January 25, 2000, opinion in the Fifth District Court of Appeal, as supplemental authority regarding appellants' standing to bring an action to enjoin construction of the utility line which is the subject of this appeal. We grant the motion.
Our opinion in this case followed the policy established by the supreme court's opinion in Florida Department of Business & Professional Regulation, Division of Pari-Mutuel Wagering v. Investment Corp. of Palm Beach, 747 So.2d 374 (Fla. 1999), which was released only days before the oral argument in this cause. Our decision did not address the question of standing, because the appeal was taken from a dismissal of the petition. To date, neither *159 the administrative law judge nor the Department of Community Affairs has considered and ruled upon the merits of the petition, including the question of standing. Therefore, our reversal of the order dismissing the petition and our remand for consideration of the merits of the petition, left open the question of appellants' standing to bring this action.
Accordingly, we clarify that the decision of this court filed January 25, 2000, does not determine, either expressly or implicitly, that appellants are substantially affected persons for purposes of section 120.565, Florida Statutes (1997). Rather, that issue is to be considered on remand for consideration of the merits of the petition.
LAWRENCE and VAN NORTWICK, JJ., Concur.
NOTES
[1] In Chiles v. Department of State, Division of Elections, 711 So.2d 151, 154 (Fla. 1st DCA 1998), the court concluded that pursuant to the 1996 revisions to section 120.565(1), Florida Statutes, there is no longer a requirement that issues raised in a petition for declaratory statement apply only to the petitioner.