765 So.2d 216 (2000)
1000 FRIENDS OF FLORIDA, INC., et al., Appellants,
v.
ST. JOHNS COUNTY, et al., Appellee.
No. 5D99-1165.
District Court of Appeal of Florida, Fifth District.
July 21, 2000.
Rehearing denied August 30, 2000.
*217 Terrell K. Arline, Legal Director, 1000 Friends of Florida, Inc., Tallahassee, for Appellants.
Frank D. Upchurch, III, of Upchurch, Bailey & Upchurch, P.A., St. Augustine, for Appellee, St. Johns County.
Pamela S. Leslie, General Counsel and Marianne A. Trussell, Deputy General Counsel, Department of Transportation, Tallahassee, for Appellee, Department of Transportation.
THOMPSON, C.J.
1000 Friends of Florida, Inc., Friends of the Matanzas, Inc., two non-profit organizations, and Patrick Hamilton, George Hamilton, and G. William Hamilton, appeal an order dismissing their action for injunctive and declaratory relief against St. John's County and the Florida Department of Transportation (DOT). We conclude that the appellants lack standing to bring this action.
The appellants are environmental groups and individuals opposed to the plan of the county and the DOT to run 12-inch water and sewer lines through rights-of-way. The lines would be run along U.S. Highway 1, south to the intersection of State Road 206, west along State Road 206 to Interstate 95, then south to serve two rest areas. According to the appellants, the project will foster growth which would have an adverse impact on the Crescent Beach area of Anastasia Island. The appellants unsuccessfully sought injunctive and declaratory relief below, contending that the project could not go forward because the county's comprehensive plan does not contemplate the project.
The appellants concede that they do not have standing under section 163.3215(1), Florida Statutes. Under this subsection, an adversely affected person may maintain an action for injunctive and other relief in connection with a development order, but appellants concede that construction of water and sewer lines on existing rights-of-way is excluded from the definition of development. See §§ 163.3215(1), 163.3164, 380.04(3)(b). The appellants contend instead that they have standing to contest the project because it is a "public facility" within the meaning of section 163.3164(24), and, under section 163.3177(6)(a), a "public facility" must be included in the comprehensive plan. The appellants contend that the county should have begun a proceeding to amend the comprehensive plan, which would have given them a "point of entry" to oppose the project.
In Rinker Materials Corp. v. Town of Lake Park, 494 So.2d 1123 (Fla.1986), however, the supreme court held that sewer and roadway improvements within the rights-of-way are not subject to the requirements of part two of chapter 163. See also Board of County Commissioners of Monroe County v. Department of Community Affairs, 560 So.2d 240 (Fla. 3d DCA 1990). The appellants, therefore, *218 have failed to show that the project violates the requirements of chapter 163, or that the comprehensive plan must be amended before the project can proceed. Accordingly, they have failed to show that they have standing. See City of Sarasota v. Windom, 736 So.2d 741 (Fla. 2d DCA 1999) (holding that citizen did not have standing where there was no showing of a procedural irregularity).
AFFIRMED.
PLEUS[1], J, and ORFINGER, M., Senior Judge, concur.
NOTES
[1] Judge Pleus concurs without participation in oral argument.