836 So.2d 1034 (2002)
ST. JOHNS COUNTY, Appellant,
v.
DEPARTMENT OF COMMUNITY AFFAIRS, Department of Transportation, 1000 Friends of Florida, Inc., Friends of the Matanzas, Inc., Patrick Hamilton, George Hamilton, and G. William Hamilton, Appellees.
No. 5D01-3413.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
Rehearing Denied February 3, 2003.
Geoffrey B. Dobson of Dobson & Brown, St. Augustine, for Appellant.
David L. Jordan and Alfred O. Bragg, III, Tallahassee, for Appellee Department of Community Affairs.
Janet E. Bowman of 1000 Friends of Florida, Inc., Tallahassee, for Appellees 1000 Friends of Florida, Friends of Matanzas, and Hamilton.
No Appearance for Appellee Department of Transportation.
PALMER, J.
St. Johns County (County) appeals a declaratory statement issued by the Department of Community Affairs (the Department) opining that the County should amend its comprehensive plan to include certain water and sewer lines that the Department of Transportation (DOT) intended to construct and turn over to the County. Concluding that this case is controlled by our holding in 1000 Friends of Florida, Inc., v. St. Johns County, 765 So.2d 216 (Fla. 5th DCA 2000) ("St.Johns"), we quash the declaratory statement.[1]
DOT, in order to improve the water and sewer capabilities of two rest stops on Interstate 95 in St. Johns County, entered into an agreement with the County to build certain water and sewer lines over a distance of more than six miles to connect to existing services provided by the County. The agreement further provided that *1035 DOT would be reimbursed for the cost of the lines through any fees the County would collect from parties who connected to the lines in the future. The instant petition for declaratory relief was filed by two environmental groups and three owners of real property allegedly located in the vicinity of the water and sewer improvements.
In that regard, on April 10, 1998, 1000 Friends of Florida, Inc., Friends of the Matanzas, Inc., Patrick Hamilton, George Hamilton, and G. William Hamilton (hereinafter collectively referenced to as "Friends") filed a petition for declaratory relief directed to the Department. In its petition, Friends alleged that DOT had applied for, and received, a permit from the Florida Department of Environmental Protection to install and maintain a 12 inch sewer line and a 12 inch water line between two rest stops on Interstate 95. Friends alleged the lines, sufficient to provide sewer and water to thousands of people, were planned to be installed over largely undeveloped rural land, and that such construction would "induce growth and cause the premature conversion of rural, vacant land to a higher density residential and higher intensity commercial" use. They further alleged that the County agreed to reimburse DOT for the cost of these lines. Friends asserted that the County failed to comply with the essential requirements of the law in allowing these improvements to be made and agreeing to pay for them without first amending their comprehensive plan. More specifically, Friends alleged that these new public facilities should have been addressed and incorporate into the future land use, sanitary sewer and potable water, and capital improvement elements of the County's comprehensive plan.
The County responded by arguing that a grant of relief was not warranted because Friends was not a "substantially affected person" and thus lacked standing to assert a claim and, in the alternative, that the lines would improve the environment by eliminating the use of wells and septic tanks, and that the County only agreed to pay back to DOT, a share of what the County received in future sewer and water connection fees for a limited number of years.
The Department referred the petition to an administrative law judge ("ALJ"). In referring the matter, the Department expressed concern that Friends was primarily seeking relief that pertained to parties not named in the action, to wit: the County and DOT. The Department additionally stated that it was necessary to refer the matter to the ALJ for a section 120.57(1) formal hearing[2] to determine whether a declaratory statement should properly issue in this case because the County's response raised material issues of disputed fact.
The ALJ entered an order recommending dismissal of the Friends' petition. To support its recommendation the ALJ first found that the Administrative Procedure Act does not contemplate declaratory statement hearings of any nature to be conducted by an ALJ and that the court therefore lacked jurisdiction to review the matter. Second, the ALJ concluded that even if jurisdiction existed, the declaratory statement request was subject to dismissal because it sought guidance for the determination of conduct of another person; namely, the County, as to whether it should have begun implementing a comprehensive plan amendment before allowing DOT to undertake the project. The Department adopted the second portion of the ALJ's recommended order and dismissed the Friends' petition.
*1036 Friends appealed that ruling to the First District Court of Appeal. On appeal, Friends asserted that their petition should not have been dismissed merely because it might indirectly affect the interests of DOT and the County. They argued further that they were entitled to be given a point of entry to challenge the extension of the water and sewer lines under Chapter 163 of the Florida Statute, but had been deprived of same when the County and DOT refused to process a plan amendment. The First District set forth in its opinion the applicable statute and rule, section 120.565, Florida Statutes (1997) and Florida Administrative Code Rule 28-105.001, and then concluded that the petition should not have been dismissed. 1000 Friends of Florida, Inc. v. State, Dep't of Community Affairs, 760 So.2d 154 (Fla. 1st DCA 2000) ("Community Affairs"). The court, accordingly, reversed the dismissal order and remanded the cause "for consideration of the merits of appellants' petition for declaratory statement." Id. at 158.
The County then filed a motion for clarification, asserting that the opinion was "susceptible of an interpretation that the court has determined [Friends] are `substantially affected persons' within the meaning of section 120.565, Florida Statutes (1997)." Id. The First District granted the motion, clarifying that the decision had not determined whether Friends was a substantially affected person.
The present case on appeal is the appeal after remand of the First District's Community Affairs decision. Upon remand, the Department conducted an informal hearing and decided to grant declaratory relief. In a 17 page declaratory statement, the Secretary of the Department set forth the procedural history of the case, the facts as stated by Friends, his independent conclusions of law, and a ruling on DOT's motion for attorney's fees.
The Secretary first explained that the declaratory statement was being issued based only on the facts as stated by Friends because the Division of Administrative Hearings had previously rejected the Department's request for a formal hearing in which disputed issues of material fact could be heard. The Secretary, in his order, specifically stated that the Department "will not [in this declaratory statement] attempt to resolve the disputed issues of fact raised by DOT and [the County]." The Secretary next addressed the applicability of Part II of Chapter 163, the Growth Policy Act and the Local Government Comprehensive Planning and Land Development Regulation Act, to the instant proceeding. The Secretary rejected Friends' contention that "St. Johns County failed to comply with the ... essential requirements of law by allowing FDOT to construct [(the water and sewer lines) ] ... without first processing an amendment." (Emphasis added). The Secretary, however, agreed with Friends that the County "should adopt an amendment to include the water and sewer lines in its Comprehensive Plan." The County timely filed an appeal of the declaratory statement.
In 1000 Friends of Florida, Inc. v. St. Johns County, 765 So.2d 216 (Fla. 5th DCA 2000)("St.Johns"), we reviewed a separate lawsuit brought by Friends for injunctive and declaratory relief against the County and DOT arising out of this same matter. In St. Johns, this court affirmed the dismissal of the action on the basis that Friends lacked standing to prosecute the action. Although Friends conceded that they lacked standing under section 163.3215(1), Florida Statutes, they asserted that they nonetheless possessed standing to contest the project because the project was a "public facility." They reasoned that the County should have amended its comprehensive plan because a *1037 public facility should be included in the comprehensive plan. This court, while agreeing with Friends that they lacked standing based on section 163.3215, further noted that the Florida supreme court, in Rinker Materials Corp. v. Town of Lake Park, 494 So.2d 1123 (Fla.1986), held that sewer and roadway improvements within rights-of-way are not subject to the requirements of part two of Chapter 163. The court further concluded that Friends lacked standing to prosecute the action because no showing was made that the County was required to amend its comprehensive plan before the project could proceed, or that any procedural irregularity occurred. St. Johns, 765 So.2d at 217-218.
In St. Johns, Friends conceded, as they have in this appeal, that the sewer and water lines fall outside of the definition of development and that they thus have no means of preventing the construction of the lines by asserting a challenge to a development order under section 163.3215(1) of the Florida Statutes. They contended instead that, because the project was a "public facility" within the meaning of section 163.3164(24), the County should have amended its comprehensive plan to include the lines. This court rejected that argument by noting that the supreme court in Rinker, held that sewer and roadway improvements made within rights-of-way are not subject to the requirements of part two of Chapter 163. In Rinker, the supreme court concluded that, because nothing in the record suggested the drainage, roadway, and sewer improvements were outside of a town's existing rights of way, there was no requirement that they be "consistent with" the town's comprehensive land use plan. Rinker, 494 So.2d at 1126. This court ruled that Rinker provides a blanket exception from comprehensive plan requirements for road and sewer improvements, no matter their size or scope, as long as they are constructed within existing rights-of-way.
The Department and Friends in the instant case offer substantial reasons as to why a significant addition to a sewer and water system such as the addition of six-mile long main lines should at least be addressed (even if post-construction) in an amendment to a local government's comprehensive plan. Neither are able, however, to get around the particularly broad statement made in St. Johns, that Rinker "held that sewer and roadway improvements within the rights-of-way are not subject to the requirements of part two of Chapter 163."
This court was aware of the fiscal implications argument in St. Johns. In St. Johns, it was in fact, the only argument that Friends used because they conceded that they did not possess standing under section 163.3215(1). This case is controlled by the holding of St. Johns. The declaratory statement should not have been issued because this court, before the declaratory statement was decided, determined that Rinker makes all road and utility improvements completed within existing rights-of-way exempt from the Growth Management Act.
Accordingly, the Department's declaratory statement is hereby QUASHED.
SHARP, W. and HARRIS, JJ., concur.
NOTES
[1] This court has jurisdiction to review the declaratory statement as final agency action pursuant to section 120.68, Florida Statutes (2001).
[2] See § 120.57, Fla. Stat. (1997).