MORROW, Associate Judge.
This is an appeal from a summary final ■decree in a suit for injunctive and other relief. The appellants sued the City of Hollywood to enjoin the assessment and collection of certain special taxes for sewer ■connection improvements. In granting the motion for summary final decree the Chancellor stated that the “plaintiffs cannot prevail because of the principles of estoppel and/or laches.”
The appellants claim that the special assessment was void as being in violation of the city charter (c. 30836, Laws of Florida, Acts, 1955) and that the principles of es-toppel or laches would not apply, in that the acts of the Commission in authorizing the improvement and making the assessments were void ab initio. The Charter specifically authorizes the city to make certain improvements and finance the same. The question then resolves as to whether or not the manner in which the work was done and the special assessments levied was invalid.
The City Charter provides that the City Commission shall initiate a local improvement by passage of a resolution ordering such improvements to be made; that after the passage of the resolution, plans and specifications shall be made and approved by the Commission and filed with the City Clerk; that as soon as the plans and specifications have been filed with the City' Clerk, the Clerk shall publish a notice of a meeting to hear objections of all interested persons to the confirmation of the resolution ordering the local improvements; that at the time named in the notice the Commission shall receive any objection of interested persons and may then confirm or refuse to confirm said resolution; that within two days after said resolution is confirmed, the resolution, together with estimates submitted, shall be recorded by the Clerk in the improvement and assessment book.
The sequence of events, as they took place in this case, were as follows:
Notice to bidders, published March 1, 5.1956
Bids received March 20,1956
Work begun April 2, 1956
Resolution ordering improvement, adopted, April 17, 1956
Resolution approving plans, adopted, April 17, 1956
Notice of meeting to hear objections, published, April 19, 26, 1956
Work completed, April 27, 1956
Meeting to hear objections, held May 1,1956
Ordinance approving resolution which ordered the improvement, adopted, May 1,1956
Notice to hear objections to assessments, published, May 21, 24, 1956
Meeting to hear objections to assessments, held, June 5, 1956
Resolution approving assessment roll, adopted, June 5, 1956
This suit filed Sept. 19, 1956
The appellants claim that failure to follow the sequence of procedure as outlined in the Charter is fatal, and further that the meetings, at which objections were to be heard, were not held until after the work was completed. The record discloses that the appellants did not appear at either of the advertised meetings and made no objection until the institution of this litigation.
*604 Equity will intervene where there is timely objections to irregularities in the procedure of executing authorized acts by municipal corporations. However the irregularities in carrying out specific acts does not render such acts invalid or void so long as constitutional guarantees are not denied. In this case all of the requirements of the statute were carried out, though not in the order designated. The appellants had ample opportunity for timely objection with reference to the assessment involved but failed to make such objection and, having so failed, are estopped by their own delinquency.
No reversible error having been shown, the decree of the Chancellor is hereby affirmed. City of Miami v. Ganger, Fla., 101 So.2d 116.
Affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.