203 So.2d 345 (1967)
Tam P. MOODY and Diane N. Moody, His Wife, and Charles F. Davenport and Dorothy H. Davenport, His Wife, Appellants,
v.
CITY OF VERO BEACH, a Municipal Corporation of the State of Florida, Appellee.
No. 862.
District Court of Appeal of Florida. Fourth District.
October 30, 1967.
*346 Darrell Fennell, of Gould, Cooksey & Fennell, Vero Beach, for appellants.
James T. Vocelle, Fred T. Gallagher, Vero Beach, for appellee.
McCAIN, Judge.
This is an appeal by the plaintiffs, Tam Moody and Diane N. Moody and Charles F. Davenport and Dorothy H. Davenport, from an order dismissing their complaint against defendant, City of Vero Beach.
In 1964 defendant paved certain streets within its city limits. In early 1965 the plaintiffs purchased property fronting two of these streets. The Moody property was on Mockingbird Drive and the Davenport parcel bordered on Gayfeather Lane. Subsequently, on June 1, 1965, defendant passed two resolutions concerning construction and paving of streets in the city, the costs of which in part were to be paid by special assessments against the lots abutting and benefited thereby. Mockingbird and Gayfeather were included in these resolutions, which set a time and place for hearing objections to the improvements from affected property owners. Plaintiffs appeared and filed their objections to the proposed assessments. On July 20, 1965, the defendant passed a resolution adopting and confirming its earlier proposed improvements and special assessments.
Plaintiffs brought the instant suit to have the assessment declared void for failure of the city to comply with F.S.A. ch. 170. The trial court dismissed the complaint and this appeal followed.
Plaintiffs pose two questions for our determination: (1) Does F.S.A. ch. 170 contemplate assessments for improvements previously completed? (2) Assuming such an assessment is permissible, is it valid as against one who purchased property after the improvement was complete but before the assessment was levied?
An affirmative answer to the first question arises from F.S.A. § 170.14 which provides for a special assessment to be made "if the governing authority of a municipality shall have omitted to make such assessment when it might have done so * * *." This is clearly the situation here where the City of Vero Beach could have made a special assessment prior to the 1964 improvements. It omitted to do so and under the provisions of F.S.A. § 170.14 was entitled to levy the assessment when it did. "[A]n assessment for benefits derived from improvements previously made does not constitute a deprivation of property without due process of law * * *." Anderson v. City of Ocala, 1922, 83 Fla. 344, 357, 91 So. 182, 187.
Irregularities, as such, in administering specific procedures involving special assessments do not render such procedures void if constitutional guarantees are not denied. Abrams v. City of Hollywood, Fla. App. 1958, 105 So.2d 602. We recognize that a person to be specially assessed is to have an opportunity to be heard at some point during the assessment procedure. City of Hollywood v. Davis, 1944, 154 Fla. 785, 19 So.2d 111.
Here, the plaintiffs were afforded notice and hearing with their objections noted. In their complaint the plaintiffs have not contested either the authority of the city to make the improvements or the costs thereof. Neither have they questioned whether their lots were benefited to the extent of the assessments.
Therefore, it has not been shown that the defendant-city abused its statutory authority, and the first question is answered in the affirmative.
Notwithstanding the general validity of the assessment, it is plaintiffs' position in the second question raised that they are bona fide purchasers who bought after the improvements were made, without any notice *347 of their property's liability for a special assessment and that therefore they took free of the obligation to pay the special assessment. This contention cannot be sustained. As early as 1904 the United States Supreme Court in City of Seattle v. Kelleher, 1904, 195 U.S. 351, 25 S.Ct. 44, 49 L.Ed. 232, faced a situation similar to the one here, with that court first observing that a special assessment could be levied on an executed consideration, i.e., an improvement already complete, and then going on to state:
"* * * We have said enough in our opinion to show that the enforcement of the assessment lien could not be prevented by the original owner. It is urged, however, that a different rule could be applied in favor of one who purchased the land under the circumstances stated above. But the attempt to liken taxation, whether general or special, to the enforcement of a vendor's lien, and thus to introduce the doctrine concerning bona fide purchasers for value, rests on a fallacy similar to that which we have mentioned above, which would deny the right to tax upon an executed consideration. A man cannot get rid of his liability to a tax by buying without notice. * * * Indeed, he cannot buy without notice, since the liability is one of the notorious incidents of social life. In this case the road was cut through the plaintiff's land, and, if he had looked, was visible upon the ground. Whether it had been paid for was for him to inquire. The history of what had happened would have suggested that it was not improbable that sooner or later a payment must be made."
Confronted with the effect of a conveyance to a bona fide purchaser after an improvement but before a reassessment the Florida Supreme Court cited the Kelleher case and stated that the "purchaser must be presumed to have taken the property with notice of the state's power of taxation, and could obtain no interest in the property against this known power." Anderson v. City of Ocala, supra.
It is observed from the record that, at the time the plaintiffs purchased their lots, the paving fronting the same had been completed and was visible to the plaintiffs.
We note that the plaintiffs have not attempted any general attack upon the statute whose plain intent is, where street improvements have been made the costs of which in part are to be assessed upon abutting property, to provide a method by which the benefited property may be charged. Every right of the plaintiffs was secured. They were afforded an opportunity for the examination and correction of the assessment of their property and could present any claim they had for a reduction or cancellation of the assessment. They occupied the same position they would have held if the assessment had been noticed prior to the installation of the paving.
The retrospective power of the legislature over subjects of assessments where past proceedings have proved defective or irregular is well established by the authorities, Anderson v. City of Ocala, supra, and we fail to see the distinction between the curative effect of the statute as it relates to a prior defect and that where the governing authority omitted to make such assessment when it might have done so. The responsibility of the legislature is not to the courts but to the people by whom its members are elected, which include the plaintiffs who in turn are bound, as owners of property, to bear their proportion of the public burdens.
Public works must be paid for even though they were constructed before any assessment was levied on their account. If the assessment otherwise is levied properly as a special assessment for benefits, then, in view of the fact that the benefit and payment are both compulsory, the benefit already executed when the procedure for authorizing the assessment was passed will sustain the assessment. Hall v. Street Commissioners of Boston, 1901, 177 Mass. 434, 59 N.E. 68.
*348 We hold therefore that F.S.A. § 170.14 authorized a special assessment for a completed public work and that the benefited property cannot be divested of its liability for a special assessment through a conveyance to a bona fide purchaser who takes in the time interval between the completion of the improvement and the levy of the assessment.
Affirmed.
WALDEN, C.J., and McNATT, JOHN M., Associate Judge, concur.