PER CURIAM.
Plaintiffs, James Carpenter and the class he represents, seek review of the lower court’s order granting defendants’ motion to dismiss the complaint for failure of the plaintiffs to timely file their complaint pursuant to Section 18-14(6), Code of Metropolitan Dade County.
The Board of County Commissioners of Dade County initially proposed the creation of a special taxing district to provide water improvements within the district in September 1966. A public hearing was *776 held in October 1966, at which time the county stated that the estimated cost of the improvements to be made in the district would be $3.93 per assessable front foot of property. In February 1967 a special election was held on the creation of the special taxing- district and the residents disapproved the plan.
In August 1968 the Board of County Commissioners of Dade County again proposed the creation of the same taxing district and at public hearing the rate of assessment was reported to be estimated at $2.83 per assessable front foot. Another special election was held in February 1969, and this time the residents approved and accepted the taxing district. Following this approval, construction was begun on the improvements.
When the construction was finally completed the resultant cost per assessable front foot was $6.22, and on the basis of this cost the preliminary assessment roll was prepared. The Dade County Commission held public hearings in February and March of 1971, and the residents in the district objected to the increase in the cost of the assessments over that which had been estimated by Dade County. In June 1971 the special assessment was certified by the county commission and notice of a special assessment showing the rate of assessment to be $6.22 per assessable front foot of property was served upon all the residents in the district.
The residents in the special district commenced a class action but their complaint was dismissed with prejudice on defendants’ motion which alleged that the complaint was not filed within ten days of the confirmation of the special assessment roll pursuant to Section 18-14(6), Code of Metropolitan Dade County. Following this action of the trial court the instant appeal ensued.
Appellants, in their brief, argue that the assessments in question were void rather than voidable and as such they were susceptible to challenge at any time. However, after a meticulous examination we cannot find any allegations apparent on the face of the record on appeal which lay a predicate for appellants’ arguments urging a void assessment. To the contrary, appellants have outlined all the procedural steps properly followed by the county in the preparation and implementation of this assessment, Moody v. City of Vero Beach, Fla.App.1967, 203 So.2d 345; Snell Isle Homes, Inc. v. City of St. Petersburg, Fla.App.1967, 199 So.2d 525, and nowhere do they attempt to show any affirmative wrongdoing by the county. St. Joe Paper Co. v. Ray, Fla.App.1965, 172 So.2d 646. Due to appellants’ failure to establish the proper framework for questioning the assessments as being void, we will not consider this argument.
The remaining avenue open to appellants was to attack the assessments by using the procedures fixed by Section 18-14(6) of the Code of Metropolitan Dade County. According to this section, after the proposed assessments are confirmed, the assessment roll is delivered to the county’s finance director. The assessment is then final and conclusive unless the proper steps are taken within ten days in a court of competent jurisdiction to secure relief. In the instant case appellants did not follow the steps set out in Section 18-14(6) by challenging the assessment within the required ten day period. To the contrary, they now seek relief after filing their complaint more than thirty days after the latest possible date of confirmation of the roll. The propriety and constitutionality of such a ten day time limitation in which to file suit to voice objections to a special assessment has been upheld by this court in Whitman v. City of North Miami, Fla.App.1969, 223 So.2d 105, and we now reaffirm that decision. Therefore, for failure to comply with the time limit in Section 18-14(6), appellants are precluded from filing their dilatory complaint.
Accordingly, the trial court’s order and judgment are affirmed.
Affirmed.