PER CURIAM.
The appellant, by a 1984 action, challenges the method by which the Board of County Commissioners of Dade County established the criteria for making a special assessment to build the downtown Miami “Peoplemover” as an adjunct of Metrorail. The ordinance in question provided a thirty-day limitation on any attack that related to the terms thereof,[1] and the trial court found that this barred the appellant’s complaint. The appellant urges that its attack on the ordinance is one contending that it is a “void” ordinance and therefore subject to attack, notwithstanding the thirty-day limitation, upon the following authorities. Lake Worth Towers, Inc. v. Gurstung, 262 So.2d 1 (Fla.1972); Underhill v. Edwards, 400 So.2d 129 (Fla. 5th DCA 1981); cf., Lewis v. The Florida Bar, 372 So.2d 1121 (Fla.1979).
The appellee responds that, in reality, the appellant’s attack is not on the county’s initial authority to enact, but on the procedure that it utilized in relation to describing “net leasable square feet” as the criteria for the special assessment, and therefore its action is limited by the thirty-day provision set forth in footnote one herein, upon the following authority. Gow v. County of Dade, 371 So.2d 493 (Fla. 3d DCA 1979); Carpenter v. Dade County, 269 So.2d 775 (Fla. 3d DCA 1972).
We find no error in the trial court’s ruling and therefore affirm.[2]
Affirmed.

. Section 18-4 Code Metropolitan Dade County.
“Any suit, action or proceeding in the court questioning the validity of any resolution creating and establishing a special taxing district under the provisions of this article or the sufficiency or the regularity or legality of the petition for the creation and establishment of such district, the publication, posting or mailing of copies of the notice stating the place, date and hour for a public hearing or of any proceeding theretofore taken in connection with the creation and establishment of such district, or the levy of special taxes or special assessments or both as provided in such resolution, must be commenced within a period of thirty (30) days after the filing with the clerk of the circuit court of a copy of the resolution creating and establishing such district. After the expiration of such period of limitation, no right of action or defense founded upon the invalidity of any such resolution, petition or proceeding shall be asserted, and no court shall have authority to inquire into any such matters and no suit, action or proceeding shall be instituted with respect thereto."

. The trial court gave the appellant the opportunity to further amend if it desired to contest the special assessment as applied to the plaintiffs property under the terms of the ordinance, but the appellant declined to amend further.