DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF COOPER CITY,**
Appellant,

v.

**WALTER S. JOLIFF, BARBARA JOLIFF**
and **BRENDA J. KEZAR,**
Appellees.

No. 4D16-2504

[September 27, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE11-012602 18.

Edward G. Guedes and Adam A. Schwartzbaum of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, Jamie A. Cole and Matthew H. Mandel of Weiss Serota Helfman Cole & Bierman, P.L., Fort Lauderdale, for appellant.

Christopher J. Lynch of Christopher J. Lynch, P.A., Coral Gables, and David Frankel, P.A., Fort Lauderdale, for appellees.

KUNTZ, J.

The City of Cooper City appeals the court's final judgment in favor of the Plaintiffs, a class of citizens challenging the city's special assessment. The court found the special assessment void and, therefore, found its twenty-day deadline to challenge it inapplicable. We disagree. The Plaintiffs limited their challenge to Cooper City's apportionment of the special assessment and the improper apportionment of a special assessment renders it voidable. As a result of the special assessment being voidable, rather than void, the deadline to challenge the special assessment applied and the Plaintiffs failed to timely challenge it. Therefore, we reverse the court's judgment and remand for entry of judgment in favor of Cooper City.

### *Background*

In 1999, Cooper City passed Ordinance 99-7-1, levying a special assessment for Fire Rescue Services. The ordinance defined "Fire Rescue Services" as "Emergency Medical Services and Rescue Services."

Three years later, in *City of North Lauderdale v. SMM Properties, Inc.*, 825 So. 2d 343 (Fla. 2002), our supreme court held that emergency medical services do not provide a "special benefit" to property and, therefore, cannot be the basis for a special assessment. In accordance with that decision, Cooper City amended the ordinance, removing the term "emergency medical services" from the definition of "Fire Rescue Services." Thereafter, for 2006, 2007, 2008, and 2009, Cooper City passed annual resolutions implementing the special assessment without emergency medical services as an item for which the property owner was being assessed.

In 2011, the Plaintiffs filed a two-count putative class action lawsuit against Cooper City. Count I sought damages for assessments collected for the years 2006 through the present; and Count II sought a declaratory judgment determining "the Fire Protection Assessment set forth in the Ordinance lacks foundation and thus is improperly apportioned."

The court granted a motion to certify the putative class and certified the class as "[a]ny and all record title owners of residential real property located within Cooper City subject to the Cooper City Fire Rescue Assessment, who paid the Cooper City Fire Rescue Assessment for the fiscal tax years commencing October 1, 2006, 2007, 2008, and 2009." We affirmed the court's class-certification order. *Cooper City v. Joliff*, 126 So. 3d 1066 (Fla. 4th DCA 2013) (table).

After we affirmed the certification order, the Plaintiffs renewed a previously-filed motion for summary judgment. Cooper City filed its own motion for summary judgment, asking the court to decide whether a twenty-day deadline contained in the ordinance barred the Plaintiffs' claims. The relevant provision in the ordinance stated:

> The adoption of the final assessment resolution shall be the final adjudication of the issues presented (including, but not limited to, the determination of special benefit and fair apportionment to the assessed property, the method of apportionment and assessment, the initial rate of assessment, the initial assessment roll, and the levy and lien of the Fire Assessments), unless proper *steps shall be initiated in a court*

*of competent jurisdiction to secure relief within twenty (20) days from the date of the city commission action on the final assessment resolution.*

(Emphasis added). The Plaintiffs argued the twenty-day deadline in this provision was inapplicable; that rather, the four-year statute of limitations in section 95.11, Florida Statutes (2011), controlled the time within which they were required to file their complaint. Therefore, they asserted that even if the claims were voidable, the majority of their claims were timely filed.

On the merits, the Plaintiffs argued to the court that after our supreme court's opinion in *SMM Properties,* "most municipalities . . . went back and they recalculated and they figured out what their appropriate assessment would be for just fire to comply with the law." However, they argued, "Cooper City didn't catch it" and for each of the assessments at issue, its methodology continued to rely on a study that included emergency medical services as a component. As such, they argued the assessments were void.

The court granted the Plaintiffs' motion for summary judgment, denied Cooper City's motion, and found the special assessments void. Importantly, the Plaintiffs then moved to voluntarily dismiss Count I and to amend Count II, seeking supplemental relief for the second count. The court granted the motion, and then entered final judgment in favor of the Plaintiffs.

Cooper City appealed, asking that we reverse the court's judgment in favor of the Plaintiffs and enter judgment in its favor or, alternatively, reverse the summary judgment for further proceedings.

## *Analysis*

### A. *Taxes and Special Assessments – Generally*

Taxes are unavoidable. Hamilton explained that "a complete power to procure a regular and adequate supply of revenue . . . may be regarded as an indispensable ingredient in every constitution." The Federalist No. 30, at 188 (Alexander Hamilton) (C. Rossiter ed., 1961). However, the power to tax is not absolute. As Jefferson countered, a government is "not to lay taxes *ad libitum* for any purpose they please; but only to pay the debts or provide for the welfare of the Union." Thomas Jefferson, Opinion on the Constitutionality of a National Bank (1791), *reprinted in* Michael S.

Paulsen, Our Constitution: Landmark Interpretations of America's Governing Documents 17, 19 (2012).

The people of Florida have included a limitation on the government's power to tax in our state constitution. *See, e.g.,* Art. VII, §§ 1(a), 9(a), Fla. Const. Relevant here is the fact that local governments lack the "authority to levy taxes, other than ad valorem taxes, except as provided by general law." *Desiderio Corp. v. City of Boynton Beach*, 39 So. 3d 487, 493 (Fla. 4th DCA 2010) (citing *Collier County v. State*, 733 So. 2d 1012, 1014 (Fla. 1999)).

These limitations require local governments continually to seek to expand their revenue other than through taxation. To do so, local governments use various tactics such as user fees, impact fees, and special assessments. At issue in this case are special assessments.

When used properly, a tax and a special assessment are unique. A tax is a burden "of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform." *Klemm v. Davenport*, 129 So. 904, 907 (Fla. 1930). A special assessment is "like a tax in that it is an enforced contribution from the property owner, it may possess other points of similarity to a tax, but it is inherently different and governed by entirely different principles." *Id.* A special assessment

> is imposed upon the theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of the property against which it is imposed as a result of the improvement made with the proceeds of the special assessment. It is limited to the property benefited, is not governed by uniformity, and may be determined legislatively or judicially.

*Id.*

For almost a century, our supreme court has called upon local governments to ensure the limitations on taxation set forth in our constitution are not avoided by the blurring of the line between taxes and special assessments. *See, e.g., Morris v. City of Cape Coral*, 163 So. 3d 1174 (Fla. 2015); *SMM Props. Inc.*, 825 So. 2d at 343; *Collier County*, 733 So. 2d at 1012; *Lake County v. Water Oak Mgmt. Corp.*, 695 So. 2d 667 (Fla. 1997); *Harris v. Wilson*, 693 So. 2d 945, 949 (Fla. 1997); *Sarasota County v. Sarasota Church of Christ, Inc.*, 667 So. 2d 180 (Fla. 1995); *City of Boca Raton v. State*, 595 So. 2d 25 (Fla. 1992); *City of Treasure Island*

*v. Strong*, 215 So. 2d 473 (Fla. 1968); *Blake v. City of Tampa*, 156 So. 97 (Fla. 1934); *Klemm*, 129 So. at 904; *Atl. Coast Line R.R. Co. v. City of Gainesville*, 91 So. 118, 121 (Fla. 1922).

These cases, and others, establish a two-prong test for the imposition of a valid special assessment. First, the property to be assessed "must derive a special benefit from the service provided." *City of Boca Raton*, 595 So. 2d at 29 (citing *Atl. Coast Line R.R. Co.*, 91 So. at 118). Second, the "assessment must be fairly and reasonably apportioned among the properties that receive the special benefit." *Id.* (citing *S. Trail Fire Control Dist. v. State*, 273 So. 2d 380 (Fla. 1973)). As discussed below, ultimately it is only the second prong that is at issue in this case.

## B. *The Special Assessments Challenged by the Plaintiffs*

Now we turn to the special assessments at issue in this case. We review the court's order granting summary judgment *de novo*. *Fla. Bar v. Cosnow*, 797 So. 2d 1255, 1258 (Fla. 2001). However, we are required to give greater deference to the legislative body that imposed the assessment. *Sarasota Church of Christ, Inc.*, 667 So. 2d at 184 ("[T]he standard is the same for both prongs; that is, the legislative determination as to the existence of special benefits and as to the apportionment of the costs of those benefits should be upheld unless the determination is arbitrary.").

We note the parties simplified our task. The Plaintiffs' complaint was premised on challenges to both prongs of the two-prong test explained above. First, they challenged whether the properties assessed would benefit from the fire and emergency medical services for which they were being assessed. Second, they challenged whether the assessments had been properly apportioned among the assessed properties.

The answer to the first question may have been simple, as our supreme court has determined emergency medical services do not provide a special benefit to property. *SMM Props.*, 825 So. 2d at 344. However, after the circuit court granted summary judgment on the issue of the deadline to challenge the assessment, the Plaintiffs voluntarily dismissed the portion of their complaint challenging the special benefits prong. Cooper City argued in its brief and at oral argument that the voluntary dismissal removed this challenge from the case. At oral argument, the Plaintiffs agreed the only issue in their challenge related to the apportionment prong. Therefore, based upon the Plaintiffs' voluntary dismissal—and their commendable honesty at oral argument—this case relates exclusively to the second prong: apportionment of the special assessment.

5

### i. An Improperly Apportioned Special Assessment Is Voidable, Rather than Void.

The Plaintiffs argue that the failure to properly apportion the special assessment renders it void, and the circuit court agreed. However, our controlling case law establishes that challenges to the amount of assessments, or flaws in the manner under which the amount was calculated, do not render a special assessment void. *Fla. E. Coast Ry. Co. v. Reid*, 281 So. 2d 77, 79–80 (Fla. 4th DCA 1973) ("We are unable to conclude that such a default would produce a 'void assessment' within the concept of the above cited cases. The land was admittedly subject to taxation and the assessment was authorized by law, although possibly erroneous in amount."); *Moody v. City of Vero Beach*, 203 So. 2d 345, 346 (Fla. 4th DCA 1967) ("Irregularities, as such, in administering specific procedures involving special assessments do not render such procedures void if constitutional guarantees are not denied."). Similarly, our supreme court has held that an assessment that is lawfully issued, but that is irregular or unfair, is merely voidable. *Hackney v. McKenney*, 151 So. 524, 528 (Fla. 1933); *see also Markham v. Neptune Hollywood Beach Club*, 527 So. 2d 814, 815 n.4 (Fla. 1988); *City of Treasure Island*, 215 So. 2d at 476.

Therefore, where the only remaining challenge is to the apportionment, the challenge is to the fairness of the apportionment and any impropriety that would result in a voidable ordinance as opposed to a void ordinance.

This conclusion is further supported by section 170.14, Florida Statutes (2016), which provides that if any portion of an assessment is declared invalid by a court, the governing authority is required to reissue the assessment until a "valid assessment shall be made." § 170.14, Fla. Stat. (2016). Here, Cooper City issued a special assessment and the only challenge raised on appeal by the Plaintiffs is to its apportionment. Therefore, if the special assessment was improperly apportioned, the statute requires Cooper City to reassess the property.

The fact that Cooper City would be required to reissue the assessment in a properly apportioned manner supports the controlling authority that an assessment that is merely irregular is voidable and not void. A void assessment is one that is issued by a local government without jurisdiction to do so and, in that situation, could not be reissued because the local government lacked the authority to issue it. Here, where the special assessment was alleged to be improperly apportioned, the statutory requirement that the local government reissue the assessment supports the conclusion that it had authority to issue it in the first instance.

6

Consistent with the controlling authority on the issue, we hold that a successful challenge to the apportionment of a special assessment renders that assessment voidable.

### ii. The Plaintiffs Failed to Timely Challenge the Special Assessment.

This determination—that is, whether the special assessment is either void or voidable—is of vital importance to the Plaintiffs' claims. A special assessment that is void would not be subject to any procedural deadline—whether it be a statute of limitations defense or a deadline imposed in the ordinance.

However, we find the special assessment here is voidable. And the Plaintiffs fail to demonstrate why the deadline imposed in the ordinance, an ordinance duly passed by the local government authority at a public hearing after notice was given, should not be given effect. Instead, they argue that the general catch-all statute of limitations found in section 95.11(3)(p), Florida Statutes (2011), should apply to their challenge.[1]

As an initial matter, we question whether the twenty-day deadline to challenge the assessment is more appropriately called a bar to suit, similar to a statute of nonclaim, as opposed to a statute of limitation. The Florida Supreme Court has held that a "statute of nonsuit" includes reasonable restrictions on "the fixing of a time within which suit must be brought." *Bystrom v. Diaz*, 514 So. 2d 1072, 1075 (Fla. 1987) (citations omitted). The enactment of a time requirement to challenge a special assessment fits into the definition of a statute of nonclaim provided by our supreme court. But we need not decide that issue, as we reach the same result in this case regardless of the terminology used.

Limitations such as the twenty-day limitation at issue here have been consistently enforced in this state. In *Park-A-Partners v. Dade County*, 487 So. 2d 94, 95 (Fla. 3d DCA 1986), the Third District affirmed a circuit court's decision applying a thirty-day deadline to challenge an ordinance. In another case, the Third District held that the plaintiffs were precluded from raising their challenge because "none of them availed themselves of the ten day time limitation period, following the confirmation of the first assessment roll, to voice objections or bring appropriate legal action." *Whitman v. City of N. Miami*, 223 So. 2d 105, 107 (Fla. 3d DCA 1969); *see also Gulf View Apartments v. City of Venice*, 145 So. 842, 844 (Fla. 1933)

---

[1] There is no dispute that certain of the claims were filed even outside of the four-year period the Plaintiffs relied upon.

(upholding three-month deadline to challenge assessment); *Carpenter v. Dade County*, 269 So. 2d 775, 776 (Fla. 3d DCA 1972) (upholding ten-day deadline to challenge assessment).

We certainly agree that the twenty-day deadline at issue in this case is short. However, the proper place to raise that issue is with the legislature or the local government that imposed the deadline—not a lawsuit in a court of law, filed years after the assessment was due.

Many years ago the supreme court held that "where a tax assessment is voidable and not per se void, as where it is made in good faith but is irregular or unfair, the taxpayer must move in due time." *Hackney,* 151 So. at 528. Here, the Plaintiffs failed to move in due time to challenge the apportionment of the special assessment. Therefore, the challenge was waived; their lawsuit barred.

### *Conclusion*

Both parties twice confirmed at oral argument that the sole issue remaining in this case is the apportionment of Cooper City's special assessment. As the challenge was to the amount of the assessment, and not the authority of the government to issue it, the Plaintiffs were asserting the assessment was voidable. And, as a voidable assessment, the Plaintiffs were required to timely raise their challenge. Having failed to do so, the Plaintiffs were not entitled to judgment in their favor. Cooper City was. On remand, the court shall enter judgment in favor of Cooper City.

*Reversed and remanded with instructions.*

GERBER, C.J., and GROSS, J., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***