DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOBE-ST. LUCIE CONSERVANCY DISTRICT,**
Appellant,

v.

**MARTIN COUNTY,** a political subdivision of the State of Florida, and
**SOUTH FLORIDA WATER MANAGEMENT DISTRICT,** a political
subdivision of the State of Florida, **PALMAR WATER CONTROL
DISTRICT, THE HONORABLE RUTH PIETRUSZEWSKI,** in her official
Capacity as the Tax Collector of Martin County, and **THE HONORABLE
LAUREL KELLY,** in her official Capacity as the Property Appraiser of
Martin County,
Appellees.

No. 4D20-2036

[November 17, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit,
Martin County; Steven J. Levin, Judge; L.T. Case No. 432018CA000389.

Lyman H. Reynolds, Jr., George P. Roberts, Jr., and Andrea G. Amigo
of Roberts Reynolds Bedard & Tuzzio, PLLC, West Palm Beach, for
appellant.

David Arthur, Senior Assistant County Attorney and Elizabeth V.
Lenihan, Assistant County Attorney, Stuart, for appellee Martin County.

James W. Sherman, West Palm Beach, for appellee South Florida Water
Management District.

M. Christopher Lyon of Lewis, Longman & Walker, P.A., Tallahassee,
for amicus curiae Florida Association of Special Districts, Inc.

MAY, J.

A dispute between a conservancy district and two landowners within
the district over special assessments brings this case to our court. The
conservancy district ("Hobe") appeals an adverse summary judgment for
Martin County ("Martin") and the South Florida Water Management
District ("SFWMD"). Hobe argues the court erred in: (1) determining Hobe

could not impose non-ad valorem assessments against land owned by Martin and the SFWMD for maintenance costs on property; and (2) entering summary judgment where neither Martin nor the SFWMD rebutted Hobe's estoppel affirmative defense. We agree with Hobe on the first issue and reverse.

Hobe is a conservancy district organized under Chapter 298, Florida Statutes. It was created and incorporated in 1972 by judicial decree in Martin to provide drainage and water control services to an area of approximately 8,160 acres. Its purpose was to reclaim the lands for residential and agricultural use.

The SFWMD is a regional water management district that encompasses all or part of 16 counties, including Martin.[1]

In the 1990s, the SFWMD purchased several tracts of land as part of a restoration and conservation program. Some tracts were located within Hobe's boundaries.[2] Martin and the SFWMD co-owned certain parcels. Hobe began assessing Martin and the SFWMD.

For twenty years, Martin and the SFWMD paid the non-ad valorem assessments. But in 2016, the SFWMD's executive director ordered no further payments be submitted. The SFWMD decided it was exempt from assessments imposed by Hobe. Martin came to the same conclusion and made no further payments.

In 2018, Martin sued Hobe for judicial review of the assessments and for declaratory relief.[3] It argued sovereign immunity prevented Hobe from imposing taxes. It relied on section 298.36(1), Florida Statutes (2016), to argue that Hobe could only impose assessments on state-owned lands, and not lands owned by political subdivisions.

Section 298.36(1) states:

> The benefits, and all lands in said district belonging to the state, shall be assessed to, and the taxes thereon shall be paid

---

[1] See https://www.sfwmd.gov/who-we-are/facts-and-figures.

[2] Some land was within the Pal-Mar Water Management District ("Pal-Mar"). Pal-Mar defended the action but did not appeal.

[3] When Martin filed suit, it co-owned with the SFWMD approximately 2,900 acres of land within Hobe. Martin County owned 40 acres independently.

by, the state out of funds on hand, or which may hereafter be obtained, derived from the sale of lands belonging to the state.

Hobe moved to dismiss the complaint; the court denied the motion. The SFWMD then intervened to protect its interests in the co-owned property. It similarly argued section 298.36(1) did not apply to lands owned by a water management district. Hobe again moved to dismiss; the court denied the motion. Martin and the SFWMD then moved for summary judgment. Hobe cross-moved for summary judgment.

The trial court heard the competing motions and entered summary judgment in favor of Martin and the SFWMD. The court concluded Hobe lacked the authority to impose taxes and assessments on Martin and the SFWMD lands. The trial court reasoned the legislature did not expressly waive sovereign immunity for political subdivisions or special districts in section 298.36(1) by authorizing districts to levy non-ad valorem assessments against the state. The trial court ordered the tax collector not to enforce any ad valorem assessments or non-ad valorem assessments collected by Hobe.

From these summary judgments, Hobe now appeals.

As it did in the trial court, Hobe argues on appeal that section 298.305(1), Florida Statutes (2016), specifically authorizes it to impose assessments on *all* lands within the district. That section provides "the [district's] board of supervisors shall levy a non-ad valorem assessment . . . on **all** lands in the district to which benefits have been assessed . . . ." § 298.305(1), Fla. Stat. (emphasis added). And section 298.54, Florida Statutes (2016), permits a district to levy an annual maintenance tax upon each tract within the district to maintain ditches, drains, or other improvements.

Hobe disputes Martin and the SFWMD's position that section 298.36(1) bars it from levying assessments against political subdivisions like Martin or regional water districts like the SFWMD. In mandating the state to pay non-ad valorem assessments from funds on hand, Hobe argues the statute does not necessarily exclude other political subdivisions or special districts. Because Martin and the SFWMD's immunity derives from the state's immunity, the state's waiver also applies to them.

Martin and the SFWMD respond that section 298.36(1) does not waive a political subdivision or a special district's sovereign immunity from maintenance taxes. The waiver applies only to state-owned lands. Any

waiver by the county or the SFWMD must have been clear and unequivocal.

The SFWMD adds that the statutory language, "all lands . . . belonging to the state," refers to lands owned by the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida ("TIITF"). In defining lands owned and managed by the TIITF, section 253.03(1), Florida Statutes (2016), expressly excludes land vested in any water management district like the SFWMD.

We have de novo review. *Dalrymple v. Franzese*, 944 So. 2d 1240, 1242 (Fla. 4th DCA 2006).

- ***Did Hobe Impose a Special Assessment or a Tax?***

We begin with the initial question of whether Hobe's assessments were just that—assessments or an unauthorized tax.

Hobe suggests, and we agree, that Martin and the SFWMD conflated the two terms to justify their position. But the distinction between an assessment and a tax is critical to the outcome of this appeal.

> A 'tax' is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. A 'special assessment' is like a tax in that it is an enforced contribution from the property owner, it may possess other points of similarity to a tax, but it is inherently different and governed by entirely different principles. It is imposed upon the theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of the property against which it is imposed as a result of the improvement made with the proceeds of the special assessment. It is limited to the property benefited, is not governed by uniformity, and may be determined legislatively or judicially.

*Klemm v. Davenport*, 129 So. 904, 907 (Fla. 1930) (challenging a tax levied for street paving that was assessed against the abutting property owners). In *City of Cooper City v. Joliff*, 227 So. 3d 633, 636–37 (Fla. 4th DCA 2017*)*, we relied on *Klemm* in acknowledging this distinction.

Our supreme court has consistently ensured that our constitution's limitations on taxation are not avoided by blurring the line between taxes and special assessments. *See, e.g., Morris v. City of Cape Coral*, 163 So. 3d 1174 (Fla. 2015); *Lake County v. Water Oak Mgmt. Corp.*, 695 So. 2d 667 (Fla. 1997); *S. Trail Fire Control Dist., Sarasota County v. State*, 273 So. 2d 380 (Fla. 1973); *Fire Dist. No. 1 of Polk County v. Jenkins*, 221 So. 2d 740 (Fla. 1969). Constitutional and statutory exemptions from taxation are limited to taxation for state and county purposes; they do not extend to special assessments. *State v. Everglades Drainage Dist.*, 20 So. 2d 397, 398 (Fla. 1945).

Here, Hobe imposed a special assessment on lands within its district that benefited from its maintenance. That included lands owned by Martin and the SFWMD. These assessments were calculated by the benefit bestowed on these lands. It was not a general tax imposed regardless of the benefit derived. For this reason, we conclude Hobe imposed a special assessment, not a tax.

- ***Did the Special Assessment Meet the Requisite Test?***

Having determined Hobe imposed a special assessment, and not a tax, we must now determine if the special assessment meets the requisite test. Public property is subject to special assessments only if authorized by the legislature. *See City of Gainesville v. State*, 863 So. 2d 138, 142 n.3 (Fla. 2003). Our supreme court has explained:

> [w]ith respect to special assessments . . . public property is assessable **if so provided by legislation**, for it is unquestionably competent for the lawmaking power to authorize lands of the state, or public property belonging either to municipal corporations or to other public quasi corporations, or to political subdivisions, to be subjected to special assessments. But public property **will not be deemed to be so included** unless by special enactment or necessary implication.

*Blake v. City of Tampa*, 156 So. 97, 99 (Fla. 1934) (emphasis added).

Here, sections 298.305(1) and 298.54 provide the requisite statutory authority for imposing the special assessment. Section 298.305(1) provides:

> (1) [T]he board of supervisors **shall levy a non-ad valorem assessment** as approved by the board **on all lands in the**

5

**district** to which benefits have been assessed . . . . The assessment must be apportioned to and **levied on each assessable tract of land in the district**.

§ 298.305(1), Fla. Stat. (emphasis added). The statute requires Hobe's board of supervisors to levy a non-ad valorem assessment **on all lands** in the district as necessary to operate and maintain the district works and activities and to defray the current expenses of the district. *Id.*

Section 298.54 also provides statutory authority for the special assessment.

> To maintain and preserve the ditches, drains, or other improvements made pursuant to this chapter . . . the board of supervisors may, upon the completion of the said improvements, in whole or in part as may be certified to the board by the chief engineer, **levy annually a tax upon each tract or parcel of land within the district**, to be known as a "maintenance tax."

§ 298.54, Fla. Stat. (emphasis added). Hobe argues, and we agree, that these provisions apply to land owned by political subdivisions and water management districts.

But Martin and the SFWMD argue section 298.36(1)'s failure to use the terms political subdivisions and water management districts means that they cannot be assessed.[4] We disagree. All three of these statutes must

---

[4] We acknowledge *Board of Public Instruction of Dade County v. Little River Valley Drainage District*, 119 So. 2d 323 (Fla. 3d DCA 1960), where the Third District reached a different conclusion. There, a drainage district argued it could assess land owned by the Board of Public Instruction, pursuant to section 298.36, which allowed an assessment on "all lands in the district to which benefits have been assessed." *Id.* at 326. The Third District disagreed.

> That general authority to levy taxes on lands to which benefits have been assessed as provided for in § 298.36 was made without any reference to property of the Board of Public Instruction; and as shown by *Blake v. City of Tampa*, supra, and *City of Miami v. Board of Public Instruction*, supra, before the Board may expend the school funds for such drainage assessments it would be necessary that an act be passed clearly expressing the legislative intent to authorize such use of the funds of the Board of Public Instruction, in view of the constitutional restrictions on their use.

be read *in pari materia*. *Fla. Dep't of State, Div. of Elections v. Martin*, 916 So. 2d 763, 768 (Fla. 2005).

Section 298.305(1), which more specifically relates to assessments, requires a levy upon "**on all lands in the district to which benefits have been assessed.**" § 298.305(1), Fla. Stat. (emphasis added). For sections 298.305(1) and 298.36(1) to coexist and both have meaning, logic dictates that section 298.36(1)'s reference to the state must either necessarily include political subdivisions and water management districts or refer to the "state lands" for the limited purpose of explaining how assessments against "state lands" are to be paid. Either interpretation supports our conclusion that the section has no effect on 298.305(1)'s mandate to assess all lands.

Martin and the SFWMD's reading of the statute, on the other hand, violates the clear mandate of 298.305(1). Indeed, both Martin and the SFWMD initially reached the same conclusion as we do since both paid these assessments for over twenty years.[5]

For these reasons, we reverse the summary judgment in favor of Martin and the SFWMD and remand the case for entry of summary judgment in favor of Hobe.

*Reversed and remanded.*

GROSS and DAMOORGIAN, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

---

*Id.* (internal citations omitted).

[5] Because we resolve this appeal on the validity of the assessment, we decline to comment on whether Martin and the SFWMD should be estopped from claiming they do not owe the assessments after paying them for twenty years.